UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CHRISTINE ROMERO MALABED,
Plaintiff,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY, a Nebraska Corporation; DANIEL SIMPSON, an individual; and DOES 1 THROUGH 20, inclusive,
Defendants.

Case No.: 3:26-cv-2268-CAB-GC

**ORDER:**

**(1) DENYING MOTION TO REMAND, [Doc. No. 6]; and**

**(2) PARTIALLY GRANTING MOTION TO DISMISS, [Doc. No. 5].**

This is a case related to Plaintiff's employment termination. Pending before the Court are Plaintiff's motion to remand to state court and Defendants' motion to dismiss. [Doc. Nos. 5, 6.] Both motions are fully briefed and the Court finds them suitable for resolution on the papers. CivLR 7.1(d)(1). For the following reasons, the Court **DENIES** the motion to remand, [Doc. No. 6], and **PARTIALLY GRANTS** the motion to dismiss, Doc. No. 5], but grants Plaintiff leave to file a First Amended Complaint within 30 days of this Order.

## I. BACKGROUND

This case arises from GEICO's termination of Plaintiff's employment. Plaintiff started as a GEICO claims adjuster in September 2016. [Doc. No. 1-3 ("Complaint").] During her employment, she was named "Top Performer" and received the GEICO "Hero

Nomination." [*Id.* at ¶ 13.] On March 4, 2024, Plaintiff alleges that she notified her supervisor Daniel Simpson ("Simpson") of "her need to take two (2) weeks off work to care for her mental health." [*Id.* at ¶ 15.] Simpson initially offered to approve three days off because the request was unplanned, but then approved the full two weeks. [*Id.*] While Plaintiff was off, her emails and voicemails were not monitored, as she alleges was otherwise standard practice at GEICO. [*Id.* at ¶ 16.] Plaintiff alleges that Simpson personally instructed this to occur as a way of discriminating or retaliating against her for taking unplanned, extended leave. [*Id.*] Plaintiff returned to work on March 21, 2025 with eighty-eight unanswered voicemails, which Plaintiff reported to a different manager, Ashley Kovacs. No action was taken.

Shortly after Plaintiff returned to work, GEICO notified employees that they would begin auditing client calls, a practice that Plaintiff alleges ceased a year prior. [*Id.* at ¶ 19.] On April 11, 2025, Plaintiff met with Simpson and Kovacs to discuss a client call where GEICO claimed Plaintiff sounded monotone and impatient. Plaintiff alleges she acknowledged her monotone voice but that the call reflected the extreme workload she was under and that she was "fighting for [her] life inside and outside." [*Id.* at ¶ 21.] No formal discipline was issued as a result of the meeting. On April 29, 2025, Plaintiff met with Simpson and Kovacs to discuss a second call. [*Id.* at ¶ 22.] Plaintiff was told the call would be sent to human resources to determine if she would be terminated, which Plaintiff alleges was a deviation from the standard practice of providing a warning first. [*Id.* at ¶ 24.] The following day, Plaintiff was terminated from GEICO. [*Id.* at ¶ 25.]

## II. DISCUSSION

### A. Motion to Remand

Plaintiff alleges that Defendants received the Complaint on November 20, 2025. [Doc. No. 6 at 9.] On April 9, 2026, Defendants removed the case to federal court on the basis of diversity jurisdiction because they had discovered that Daniel Simpson was a resident of Alaska, not California as the Complaint alleged. Plaintiff has thus moved to

remand to state court because Defendants' notice of removal was filed more than 30 days after they were served with the Complaint. [Doc. No. 6.]

The Court **DENIES** the motion to remand. The Ninth Circuit's opinion in *Roth v. CHA Hollywood Medical Center, L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013), controls the outcome. There, the Ninth Circuit held that while "[28] § 1446(b)(1) and (b)(3) place strict limits on a defendant who is put on notice of removability by a plaintiff," when the pleadings do not put the defendant on notice, the defendant may remove a case outside of these periods "on the basis of its own information." *Id.* at 1125*; see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005) ("[T]he ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin.")

Here, Plaintiff does not argue that the Complaint provided notice of diversity jurisdiction. Nor could she, given the Complaint alleged that Simpson is a "resident of the State of California." [Complaint at ¶ 5.] The Court also notes that as of December 22, 2025, Defendants represented that Simpson was a California resident because they argued that "Plaintiff includes [two claims against Simpson] in a fateful attempt to defeat diversity; once Mr. Simpson is dismissed GEICO will remove this action to federal court." [Doc. No. 6-3 at 11.]

**B. Doe Defendants**

The use of "Doe defendants" is disfavored in federal court. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). A court may dismiss Doe defendants sua sponte. *Craig v. United States*, 413 F.2d 854, 856 (9th Cir. 1969). "Here, the allegations against [Does 1–20] are so vague that none, even if identified, could adequately prepare a defense. The complaint would fail, even if the Doe defendants were named." *Smith v. Clark Cnty.*, No. 222-cv-981-JCM-EJY, 2022 WL 17721004, at *6 (D. Nev. Dec. 15, 2022). Because the Complaint provides no individualized factual allegations regarding who Does 1–20 are or what role they played in the involved events, the Court sua sponte **DISMISSES** the claims against them **WITHOUT PREJUDICE**.

### C. Motion to Dismiss

#### 1. Disability Discrimination in Violation of FEHA

GEICO argues that Plaintiff has not alleged sufficient facts for any of the elements of a disability discrimination claim under the California Fair Employment and Housing Act ("FEHA"). [Doc. No. 5 at 9.] The elements of a prima facie case of disability discrimination in violation of FEHA are: (1) the plaintiff is disabled; (2) the plaintiff can, with or without reasonable accommodation, perform the essential functions of his position; and (3) the defendant subjected the plaintiff to an adverse employment action (4) because of the disability. *Avila v. Cont'l Airlines, Inc.*, 165 Cal. App. 4th 1237, 1246 (2008).

*i. GEICO's Knowledge of Disability*

Plaintiff alleges that GEICO "understood and/or perceived [Plaintiff] to have a mental disability which limited major life activities as a result of her disclosure that her mental health was suffering." [Complaint at ¶ 31; *see also id.* at ¶ 41 (GEICO "perceived [Plaintiff] to be disabled.").] A mental disability "includes, but is not limited to . . . [h]aving any mental or psychological disorder or condition . . . that limits a major life activity." Cal. Gov't Code § 12926(j). Working is a major life activity. *See id.* at (j)(1)(C). GEICO argues that Plaintiff has failed to plausibly allege that GEICO knew or suspected that Plaintiff had a disability and therefore terminated her because of that disability. The Court agrees.

Plaintiff notified her supervisor of her need for time off "to care for her mental health" and received two weeks off. [Complaint at ¶ 15.] When Plaintiff returned to work, she made no additional requests for additional leave or other accommodation. Approximately three weeks later, during an audit meeting for a call handled by Plaintiff, she stated that her handling of the call "was a reflection of the understaffing and extreme workload" and that "she was "fighting for [her] life inside and outside." [Complaint at ¶ 21 (edit in original).] While knowledge of a disability may be inferred from certain circumstances, "knowledge will only be imputed to the employer when the fact of disability is the only reasonable interpretation of the known facts." *Brundage v. Hahn*, 57 Cal. App.

4th 228, 237 (1997). An employee's "[v]ague or conclusory statements revealing an unspecified incapacity are not sufficient to put an employer on notice of its obligations under" the FEHA. *Id.* at 236 (quoting *Morisky v. Broward Cnty.*, 80 F.3d 445, 448 (11th Cir. 1996)); *see also Avila*, 165 Cal. App. 4th at 1247–48 (affirming that employee's submitted "Documentation of Medical Impairment" forms, which indicated that employee was hospitalized and unable to work for five days, did not put employer on notice of a qualifying disability under the Americans with Disability Act). Plaintiff makes no attempt to distinguish *Brundage* or *Avila*—both of which GEICO cites—nor points to any cases like hers in support of her opposition to the motion to dismiss.

In addition, the Complaint alleges that Plaintiff's mental health issues were due to understaffing and overwork. [Doc. No. 7 at 15 (Plaintiff arguing that "she was suffering from mental health episodes as a result of workplace related stress and anxiety."); Complaint at ¶ 14 (alleging Plaintiff's mental health suffering was "due to the grueling and stressful work environment she endured as a result of being chronically understaffed and overworked").] Overwork or stress due to normal supervision are not disabilities under FEHA. *See Striplin v. Shamrock Foods Co., Inc.*, No. ED15-cv-664-JGB-KKX, 2016 WL 1165873, at *6 (C.D. Cal. Mar. 24, 2016) ("Workplace-related stress caused by standard oversight of an employee's job performance is not a recognized disability under the FEHA."); *Yonemoto v. McDonald*, 114 F. Supp. 3d 1067, 1110 (D. Haw. 2015) ("[A]ll employees may feel stress at working conditions, which do not raise [sic] to the level of a disability.").

The Court thus finds that the Complaint fails to sufficiently plead the first and fourth elements of a disability discrimination claim.

*ii. Ability to Perform Essential Duties*

Plaintiff alleges in a singular sentence that she "was at all times able to perform the essential job duties of her position . . . with and/or without reasonable accommodation." [Complaint at ¶ 32.] With respect to her claim for retaliation in violation of FEHA, Plaintiff alleges that she had a "need for reasonable accommodation in the form of time off."

[Complaint at ¶ 49.] But she does not allege what her essential job duties were or provide any specific allegations regarding the type or amount of time off that she required. *See Ali v. PayPal, Inc.*, No. 19-cv-93-SVK, 2019 WL 11691431, at *7 (N.D. Cal. July 26, 2019) (dismissing a claim of disability discrimination under the Americans with Disability Act after finding plaintiff did not "identify any of the essential functions of his position or plead any factual allegations regarding his ability to perform them"). Accordingly, the Complaint fails to sufficiently plead the second element of a disability discrimination claim.

Based on the foregoing, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's claim for disability discrimination because Plaintiff has not sufficiently alleged (1) that GEICO knew of a qualifying disability and therefore took adverse employment action because of that disability; or (2) that Plaintiff was qualified to perform the essential duties of her position with or without reasonable accommodation.

**2. Failure to Engage in Interactive Process**

Plaintiff claims that GEICO violated FEHA's requirement to engage in a timely good faith interactive process after they first perceived her to be disabled. [Complaint at ¶ 41.] Defendant argues that this claim fails because Plaintiff has not alleged that GEICO knew of her disability such that its duty to engage arose. [Doc. No. 5 at 11–12.]

"Where the disability, resulting limitations, and necessary reasonable accommodations, are not open, obvious, and apparent to the employer, . . . the initial burden rests primarily upon the employee . . . to specifically identify the disability and resulting limitations, and to suggest the reasonable accommodations." *Scotch v. Art Inst. of Cal.*, 173 Cal. App. 4th 986, 1013 (2009) (quoting *Taylor v. Principal Fin. Grp., Inc.*, 93 F.3d 155, 165 (5th Cir. 1996)); *see also King v. United Parcel Serv., Inc.*, 152 Cal. App. 4th 426, 443 (2007) ("An employee cannot demand clairvoyance of his employer.").

Here, Plaintiff fails to sufficiently allege how she identified her resulting limitations or what reasonable accommodations she needed. Indeed, Plaintiff received the two weeks off she requested and does not otherwise allege any reasonable accommodation she

suggested after she returned from that time off. The Court therefore **DISMISSES WITHOUT PREJUDICE** Plaintiff's claim for failure to engage in the interactive process under FEHA.

**3. Retaliation in Violation of FEHA**

Plaintiff alleges that GEICO retaliated against her in violation of FEHA when she engaged in the protected activity of informing GEICO "of her mental health symptoms and need for reasonable accommodation in the form of time off." [Complaint at ¶¶ 49–50.]

An essential element of a retaliation claim under FEHA is that the plaintiff engaged in a protected activity. *Lawson v. PPG Architectural Finishes, Inc.*, 12 Cal. 5th 703, 710 (2022); *Robinson v. PPG Indus., Inc.*, No. 22-55023, 2023 WL 4311605, at *2 (9th Cir. July 3, 2023) ("To establish retaliation under the FEHA, [plaintiff is] required in part to show that he was 'engaged in activities protected by the FEHA.'"). "Notifying one's employer of one's medical status, even if such medical status constitutes a 'disability' under FEHA, does not fall within the protected activity identified in subdivision (h) of section 12940—i.e., it does not constitute engaging in opposition to any practices forbidden under FEHA or the filing of a complaint, testifying, or assisting in any proceeding under FEHA." *Moore v. Regents of Univ. of Cal.*, 248 Cal. App. 4th 216, 247 (2016).

To the extent Plaintiff opposes dismissal because she reported "an unsafe and/or unhealthy workplace in violation of Labor Code section 6400" and "unlawful discrimination and/or retaliation under FEHA," [Doc. No. 7 at 10], this is not the protected activity alleged in the Complaint and a party's briefing does not substitute for sufficient allegations in a complaint. *See Udom v. Fonseca*, 846 F.2d 1236, 1238 (9th Cir. 1988) (affirming dismissal, although reversing denial of leave to amend, where a "plaintiff [had] attempt[ed] to expand the scope of his complaint by making allegations in a collateral document not subject to counter by means of an answer or motion to dismiss"). These new arguments are therefore not properly before the Court.

The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's claim for retaliation in violation of FEHA.

**4. Retaliation in Violation of Labor Code § 1102.5**

California Labor Code § 1102.5 prohibits retaliation against "an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation." Cal. Lab. Code § 1102.5 ("Labor Code"). Plaintiff alleges that GEICO violated Labor Code § 1102.5 by retaliating against her for "(1) reporting an unsafe and unhealthy workplace in violation of Labor Code section 6400; [and] (2) reporting unlawful discrimination and/or retaliation under FEHA – specifically, refusing to cover [Plaintiff's] calls, in deviation from standard practice, while she was out of the office to care for her mental health." [Complaint at ¶ 57.]

Like a FEHA retaliation claim, a violation of Labor Code § 1102.5 requires Plaintiff to allege that she engaged in a protected activity. *Patten v. Grant Joint Union High Sch. Dist.*, 134 Cal. App. 4th 1378, 1384 (2005), *disapproved of on other grounds by Lawson v. PPG Architectural Finishes, Inc.*, 12 Cal. 5th 703 (2022). Plaintiff has not done so here. Section 1102.5 is intended to protect whistleblowers from retaliation, not to encompass internal personnel disclosures such as reporting overwork or deviation from internal company policies such as the handling of voicemails during employee absence. *Id.* at 1384–85 ("To exalt these exclusively internal personnel disclosures with whistleblower status would . . . thrust the judiciary into micromanaging employment practices and create a legion of . . . 'whistleblowers' arising from the routine workings and communications of the job site."). Plaintiff's fourth cause of action is therefore **DISMISSED WITHOUT PREJUDICE**.

**5. Retaliation in Violation of Labor Code § 232.5**

Plaintiff claims that GEICO violated Labor Code § 232.5 by terminating her because she disclosed information pertaining to her working conditions, "namely that the workload was unmanageable for any given person and was leading to mental health issue for [her]." [Complaint at ¶ 63.] GEICO contends that this claim is preempted by the National Labor

Relations Act ("NLRA") and so must be dismissed for lack of subject matter jurisdiction. [Doc. No. 5 at 16.] The Court disagrees.

GEICO primarily relies on *Luke v. Collotype Labels USA, Inc.*, 159 Cal. App. 4th 1463 (2008), for its preemption argument. It is readily distinguishable. The *Luke* plaintiff engaged in activity protected by the NLRA when he discussed working conditions with other employees, encouraged them to keep records and bring their complaints to management, and was fired in part because he was "soliciting signatures for a letter denouncing the management of the company." *Luke*, 159 Cal. App. 4th at 1468–69, 1471. Here, in contrast, there are no allegations that Plaintiff was engaged in concerted activity protected by the NLRA, such as self-organization, forming, joining, or assisting labor organizations, or bargaining collectively. *See id.* at 1469; *see also Haney v. Aramark Unif. Servs., Inc.*, 121 Cal. App. 4th 623, 629 (2004) (describing requirement for linkage or nexus between individual employees' acts and a group). In contrast, Plaintiff makes no similar allegations, such as that she was representing the claims of other colleagues or otherwise engaging in concerted activity when she complained about her workload and its impact on her performance.

The Court **DENIES** GEICO's motion to dismiss Plaintiff's § 232.5 claim due to lack of subject matter jurisdiction.

### 6. Failure to Prevent Discrimination and Retaliation in Violation of FEHA[1]

Plaintiff claims that GEICO failed to prevent discrimination, retaliation, and harassment in violation of FEHA. Defendant argues that these are derivative of Plaintiff's claims for retaliation and discrimination claims under FEHA and so also fail for the same reasons. The Court agrees. *Scotch*, 173 Cal. App. 4th at 1021 (an actionable claim under section 12940, subdivision (k) is dependent on a claim of actual discrimination).

---

[1] The Complaint's heading for this claim also includes failure to prevent harassment, however none of the allegations entail or specify harassment.

**7. Wrongful Termination in Violation of Public Policy**

Plaintiff claims that GEICO wrongfully terminated Plaintiff in violation of the public policy of the state of California not to retaliate against an employee for reporting working conditions to the employer. [Doc. No. 7 at 20.] GEICO contends that this claim fails because Plaintiff has failed to allege an underlying FEHA or Labor Code violation. [Doc. No. 5 at 16.] The Court denied Defendant's motion to dismiss Plaintiffs § 232.5 claim, however, and so the Court **DENIES** Defendant's motion to dismiss this claim. *See Smith v. Level 3 Commc'ns Inc.*, No. C 14-05036 WHA, 2015 WL 833614, at *5 (N.D. Cal. Feb. 24, 2015) (explaining that a violation of California Labor Code may support a claim of wrongful termination in violation of public policy).

**8. Breach of Implied-In-Fact Contract**

Plaintiff's eighth claim is that GEICO breached the implied-in-fact contract not to terminate without good cause. [Complaint at 16.] GEICO argues that Plaintiff has not alleged facts to show that the parties' conduct gave rise to an implied agreement not to terminate that varied from the statutory presumption of at-will employment. *See* Cal. Lab. Code § 2922 ("An employment, having no specified term, may be terminated at the will of either party on notice to the other."). The Court agrees.

Neither the Complaint nor Plaintiff's Opposition provide any facts to support the otherwise conclusory allegations of an implied contract—for example that GEICO made "oral assurances of continued employment" or that there was an "industry standard" for GEICO's business not to terminate except for good cause. [Complaint at ¶ 84; Doc. No. 7 at 20–21.] This is insufficient to plead a cause of action based on an implied contract. *See Requa v. The Regents of the Univ. of Cal.*, 213 Cal. App. 4th 213, 228 (2012) ("In pleading a cause of action on an agreement implied from conduct . . . the facts from which the promise is implied must be alleged." (quoting *Youngman v. Nev. Irrigation Dist.*, 70 Cal. 2d 240, 246–47 (1969))). Plaintiff's eighth cause of action is therefore **DISMISSED WITHOUT PREJUDICE**.

///

**9. Breach of Express Oral Contract**

Plaintiff's ninth claim for breach of express oral contract not to terminate without good cause suffers from the same problem as her claim for breach of an implied contract. The Court **DISMISSES** the ninth claim **WITHOUT PREJUDICE**.

**10. Negligent Infliction of Emotional Distress**

Defendant moves to dismiss Plaintiff's NIED claim because (1) NIED is not an independent cause of action and (2) Plaintiff has not alleged sufficient facts to support a negligence claim. The Court agrees. There is no independent tort of NIED; rather, "[t]he tort is negligence, a cause of action in which a duty to the plaintiff is an essential element." *Ragland v. U.S. Bank Nat'l Ass'n*, 209 Cal. App. 4th 182, 205 (2012) (quoting *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 984 (1993)).

Plaintiff fails to state a claim because the Complaint does not allege what duty each Defendant owed her[2] or how each Defendant specifically breached that duty. Plaintiff argues that she falls under the "direct victim" theory of negligence and cites several cases in support. Two of these three cited cases do not find a duty and the third does not apply to the employer-employee context at issue here. *See McMahon v. Craig*, 176 Cal. App. 4th 1502, 1510 (2009) (no duty on veterinarian to avoid causing pet owner emotional distress during treatment of pet); *Ragland*, 209 Cal. App. 4th at 207–08 (no duty on lender to avoid causing borrower emotional distress during foreclosure sale of home); *Burgess v. Superior Ct.*, 2 Cal. 4th 1064, 1076 (1992) (recognizing doctor's duty to mother, because of the physician-patient relationship, to avoid emotional distress due to baby's injury during childbirth).

---

[2] Plaintiff's opposition appears to argue for the first time that Simpson and Kovacs "had a duty of care to take reasonable steps to ensure the mental health and safety of GEICO's employees and protect them from undue risks as managing agents." [Doc. No. 7 at 23.] But "[a] plaintiff cannot avoid dismissal of her complaint by alleging new facts in opposition to a motion to dismiss." *Session v. PLM Lender Servs., Inc.*, No. 10-04942 WHA, 2011 WL 6748510, *5 (N.D. Cal. Dec. 22, 2011). Moreover, Kovacs is not a named Defendant.

Plaintiff's cause of action for NIED is therefore **DISMISSED WITHOUT PREJUDICE**.

**11. Intentional Infliction of Emotional Distress**

A plaintiff can recover for IIED when (1) the defendant engaged in outrageous or extreme conduct with the intent to cause emotional distress, (2) the plaintiff suffered severe emotional distress, and (3) the defendant's outrageous conduct actually and proximately caused the emotional distress. *Potter*, 6 Cal. 4th at 1001. The Court finds that Plaintiff has failed to state a claim with respect to the second element because Plaintiff has pled only a laundry list of types of emotional distress "including but not limited to: fatigue, depression, a general decline in mental health, sustained and prolonged pain and suffering, anxiety, embarrassment, humiliation, loss of self-esteem, and mental anguish." [Complaint at ¶ 96.] These types of conclusory allegations—absent any factual support or specific tie to the Plaintiff—are insufficient to support the emotional distress element of her IIED claim. Plaintiff must plead facts to support each element of her claim. Conclusory allegations will not suffice. The Court therefore **GRANTS** Defendants' Motion to Dismiss the IIED Claim and **DISMISSES WITHOUT PREJUDICE** the IIED claim.

**12. Violation of Labor Code § 1198.5**

California Labor Code § 1198.5 requires an employer to provide an employee's personnel file "not later than 30 calendar days from the date the employer receives a written request." Plaintiff alleges that GEICO violated § 1198.5 because she sent a formal written request on May 8, 2025 and GEICO did not provide the file by June 9, 2025. [Complaint at ¶¶ 102–05.] Though Plaintiff's opposition repeats that she *sent* notice on May 8, 2025, [Doc. No. 7 at 23], she provides no allegations regarding when GEICO *received* the notice as required by the plain text of § 1198.5 to trigger the deadline. Plaintiff's cause of action for violation of § 1198.5 is therefore **DISMISSED WITHOUT PREJUDICE**.

///

///

///

## III. CONCLUSION

In summary, the Court **DISMISSES WITHOUT PREJUDICE** Does 1–20 and all claims except for Retaliation in Violation of Labor Code § 232.5 and Wrongful Termination in Violation of Public Policy.

Plaintiff may file a First Amended Complaint within 30 days of this Order.

It is **SO ORDERED.**

Dated: October 15, 2026

Hon. Cathy Ann Bencivengo
United States District Judge